```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**RUBEN CASTILLO,**

      Plaintiff,

v.     Civil Action No. 2:16-02593

**Correctional Officer JEREMIAH VANCE,** individually and in his official capacity as a correctional officer of The West Virginia Regional Jail Authority; **THE WEST VIRGINIA REGIONAL JAIL AUTHORITY,** an agency of the State of West Virginia; **THE WEST VIRGINIA DIVISION OF CORRECTIONS,** an agency of the State of West Virginia; and **JOHN DOE,** unknown person or persons,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is a motion to remand, filed by plaintiff Ruben Castillo on April 14, 2016.[1]

---

[1] Castillo titled his motion "Plaintiff Concedes that United States District Court for the Southern District of West Virginia Lacks Jurisdiction over Majority of Plaintiff's Claims." Although not titled as a motion to remand, Castillo requests that the court remand this action to state court. Pl. Concede at 2. The court treats Castillo's filing as a motion to remand.

I.

Castillo initiated this action on February 10, 2016, in the Circuit Court of Kanawha County.  He asserts various state-law claims against the West Virginia Regional Jail Authority ("WVRJA") and the West Virginia Division of Corrections ("WVDOC"), Compl. ¶¶ 25, 35, 37, 47, 49-50, as well as the other two defendants, Jeremiah Vance and John Doe, Compl. ¶¶ 25, 35, 39, 41, 45, 49.

Castillo also charges all four defendants, referring to them as "Defendants" without naming them, with violations of the Fourth, Eighth, Ninth, and Fourteenth Amendments to the Constitution of the United States, redressable under 42 U.S.C. § 1983.  <u>See</u> Compl. at 1, ¶¶ 25, 29.  Castillo expressly states, however, in the last paragraph of Count Nine that "[n]o claims are asserted against the [WVRJA] or the [WVDOC] under 42 U.S.C. § 1983."  Compl. ¶ 51

On March 16, 2016, the WVRJA timely filed a notice of removal, invoking this court's federal question jurisdiction over the § 1983 claim against it.  Not. Removal ¶ 2.  The WVDOC properly joined.  Not. Removal Ex. 3.  Soon after, the WVDOC and the WVRJA filed motions to dismiss on March 28 and April 1, 2016, respectively.  Both defendants argue that they are not

"persons" amenable to suit under § 1983.  See WVDOC Mot. Dismiss; WVRJA Mot. Dismiss.  In addition, the WVDOC notes that the complaint expressly disavows any § 1983 claims against the WVRJA and the WVDOC.  WVDOC Mot. Dismiss at 2.

On April 14, 2016, Castillo filed the subject motion to remand in which he asserts that the Eleventh Amendment bars the federal judiciary from exercising jurisdiction over claims brought against a state agency.  Pl. Concede at 1-2.  Additionally, in the accompanying memorandum, Castillo agrees that the WVRJA and the WVDOC cannot be sued under § 1983.  Pl. Mem. Supp. Concede at 2.  He purports to "concede" that, as a result, this court lacks subject-matter jurisdiction "over the majority of [his] claims" and moves the court to remand.  Pl. Mem. Supp. Concede at 1, 3.

The WVDOC and the WVRJA respond that they waived their Eleventh Amendment immunity by voluntarily removing to federal court.  WVDOC Response at 2; WVRJA Response at 2.  They also contend that this court retains subject-matter jurisdiction because the court possesses federal question jurisdiction over Castillo's federal claims against defendants Jeremiah Vance and John Doe.  WVDOC Response at 2 (citing Not. Removal); WVRJA Response at 2-3.

3

II.

The removal statute, 28 U.S.C. § 1441(a), allows the removal of "any civil action brought in a State court of which" the district court would "have original jurisdiction." 28 U.S.C. § 1331 grants district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is one form of original jurisdiction. It grants district courts jurisdiction over "cases in which a well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 27–28 (1983); Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606-07 (4th Cir. 2002).

The burden of establishing removal jurisdiction falls upon the removing party. Mulcahey v. Colum. Organic Chem. Co., 29 F.3d 148, 151 (4th Cir. 1994). "Any doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction." Marshall v. Manville Sales, Corp., 6 F.3d 229, 232 (4th Cir. 1993).

**III.**

The Eleventh Amendment "bars 'citizens from bringing suits in federal court against their own states.'" <u>Bragg v. W. Va. Coal Ass'n</u>, 248 F.3d 275, 291 (4th Cir. 2001) (internal citations omitted).  A state may, however, waive its Eleventh Amendment immunity "by 'consenting to be sued in federal court.'"  <u>Id.</u> at 292 (internal citations omitted).  One method of expressing such consent is where, such as here, a state voluntarily removes state-law claims to federal court.  <u>Lapides v. Bd. of Regents of the Univ. Sys. of Ga.</u>, 535 U.S. 613, 617-20 (2002) (finding that the state of Georgia waived its Eleventh Amendment immunity where it voluntarily removed state-law claims and invalid § 1983 claims to federal court).  Accordingly, by voluntarily removing to federal court, the WVDOC and the WVRJA waived their Eleventh Amendment immunity.

The court's jurisdictional inquiry does not, however, end at the Eleventh Amendment.  The WVDOC and the WVRJA must also show that this court retains subject-matter jurisdiction.  <u>Mulcahey</u>, 29 F.3d at 151.  Having considered the arguments presented, the court finds that the WVDOC and the WVRJA have failed to carry their burden of establishing jurisdiction.

The parties are correct to point out that there is no § 1983 claim against the WVRJA and the WVDOC.  Although the complaint appears to include claims against each defendant under 42 U.S.C. § 1983, Castillo expressly states in the complaint, as earlier noted, that "[n]o claims are asserted against the [WVRJA] or the [WVDOC] under" that statute.  Compl. ¶ 51.  Further, Castillo agrees with the WVRJA and the WVDOC in that any § 1983 claim against those defendants would fail, Pl. Mem. Supp. Concede at 2, doubtless because such a claim would be futile as neither defendant is a "person" subject to suit under § 1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983.").  For these reasons, the court concludes that there is no valid § 1983 claim against the WVRJA and the WVDOC.  Thus, the only federal claim in the action is the § 1983 claim against Vance and Doe.

The WVRJA and the WVDOC contend that because the court has original jurisdiction over the § 1983 claim against Vance and Doe, the court retains supplemental jurisdiction over the state-law claims against all defendants.  WVDOC Response at 2 (citing Not. Removal); WVRJA Response ¶¶ 4-5.  The state agency defendants rely on 28 U.S.C. § 1367(a), providing in pertinent as follows:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

But there is no indication on the docket that Vance and Doe have been served, and neither Vance nor Doe has appeared in this action. Consequently, those defendants – along with the § 1983 claim against them - are not before the court. See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

The only other claims remaining in this action are the state-law claims against the WVRJA and the WVDOC. Those claims are not created by federal law, and Castillo's success on those claims does not "necessarily depend[] on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28. Section 1367, quoted in part above, further provides as follows:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . .
>
> > (3) the district court has dismissed all claims over which it has original jurisdiction.

28 U.S.C. 1367(c)(3). There being no federal issues for the court's consideration, the court declines to exercise supplemental jurisdiction over this action.

IV.

Accordingly, it is ORDERED that the motion to remand be, and hereby is, granted.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

DATED: August 1, 2016

John T. Copenhaver, Jr.
United States District Judge